UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY OKINE,

    Petitioner,

  -against-

UNITED STATES OF AMERICA

    Respondent.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/19

13 Cr. 416-1 (RMB)
16 Cv. 4804 (RMB)

**DECISION & ORDER**

## I.   Background

On June 21, 2016, Jeffery Okine ("Okine" or "Petitioner") filed a petition pursuant to 28 U.S.C. § 2255 challenging his sentence of 125 months' incarceration imposed by the Court on November 24, 2014. See Petitioner's Motion to Vacate, dated June 21, 2016 ("Pet.'s Motion"), at 5.

On May 14, 2014, Okine was convicted of robbery in violation of the Hobbs Act (18 U.S.C. § 1951) ("Count One"), and of brandishing a firearm during the commission of a "crime of violence" (i.e. the Hobbs Act Robbery) in violation of 18 U.S.C. 924(c)(1)(A)(ii) ("Count Two"). See Judgement, dated November 24, 2014, at 1. Okine also contends that "Hobbs Act Robbery is not a crime of violence. Therefore, the charge under 18 USC 942(c) of brandishing, using or carrying a firearm in connection with a crime of violence is not supportable." Id.[1]

On May 14, 2014, Petitioner and the Government entered into a plea agreement pursuant to which Okine agreed to plead guilty to the 2 counts mentioned above. Okine also agreed to waive his right to appeal directly or collaterally challenge his convictions under 28 U.S.C. §§

---

[1]Okine is currently represented by Federal Defender Randi L. Chavis, Esq.

1

2255 and 2241. Id. at 4 ("It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241."). At his plea allocution on May 14, 2014, the following colloquy took place: Court: "[A]re you pleading guilty to these two crimes, Mr. Okine, because, in fact, you are guilty of both of them?" Okine: "Yes, sir."; Court: "there's a waiver in [the Plea Agreement] of your right to appeal this case. It says that you will not file for direct appeal; and it says that you will not bring a collateral challenge. These are the so-called habeas corpus provisions, 28, United States Code, Sections 2255 and/or 2241…. Counsel, is that your understanding?" Defense Counsel: "It is, your Honor." …. Court: "And yours, too?" Okine: "Yes, your Honor." Plea Allocution Transcript, dated May 14, 2014 ("Plea Allocution"), at 19.

**For the reasons set forth below, Okine's motion [#1] is denied.[2]**

## II.    Legal Standard

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016).

Collateral relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The Second Circuit Court of Appeals has recently confirmed that Hobbs Act Robbery is a crime of violence because it "has as an element the use, attempted use, or threatened use of

---

[2] **Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.**

2

physical force against the person or property of another." United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018) (citing 18 U.S.C. § 924(c)(3)(A)).

**III.   Analysis**

**(1) Waiver of Appeal**

Okine knowingly and voluntarily waived his right to appeal directly or to collaterally challenge his sentence under 28 U.S.C. § 2255. See Plea Agreement at 4; Plea Allocution at 19. The Second Circuit has "long recognized that under no circumstances 'may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.'" U.S. v. Karimu, 470 Fed.Appx. 44, 47 (2d Cir. 2012) (citing United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993)); see also U.S. v. Sensi, 542 Fed.Appx. 8, 11 (2d Cir. 2013); U.S. v. Monzon, 359 F.3d 110, 117 (2d Cir. 2004); U.S. v. Morgan, 386 F.3d 376. 380 (2d Cir. 2004).

Because Okine knowingly and voluntarily waived his right to challenge his sentence, his Petition is barred. See Sanford v. United States, 841 F.3d at 580.

**(2) Crime of Violence**

Even if Okine had not waived his appeal rights, his Petition likely would still fail because Hobbs Act Robbery, to which Okine pled guilty, is a crime of violence under § 924(c)(3)(A). See United States v. Hill, 890 F.3d at 60 ("[We] hold that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (citing 18 U.S.C. § 924(c)(3)(A))).

**Certificate of Appealability**

The Court does not recommend that a certificate of appealability be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).

## IV. Conclusion & Order

For the reasons stated herein, Okine's Motion [#1] is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
March 27, 2019

*RMB*

**RICHARD M. BERMAN**
**U.S.D.J.**